UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KRISTIN MARINUCCI VITUCCI, individually
and as parent and natural guardian of "V.", an
infant under the age of 14 years, and "V.", an
infant under the age of 14 years by her mother
and natural guardian KRISTIN MARINUCCI
VITUCCI,

                        Plaintiffs,                    **ORDER**

   -against-                               12 CV 4328 (DRH) (GRB)

WINTHROP UNIVERSITY HOSPITAL,
WINTHROP-UNIVERSITY HOSPITAL,
WINTHROP-UNIVERSITY HOSPITAL
ASSOCIATION, WINTHROP UNIVERSITY
HOSPITAL CHILDREN'S MEDICAL CENTER,
WINTHROP-UNIVERSITY HOSPITAL
SERVICES CORP., WINTHROP SOUTH
NASSAU UNIVERSITY HEALTH SYSTEM,
INC., NEW YORK-PRESBYTERIAN
HEALTHCARE SYSTEM, INC., AND LONG
ISLAND HEALTH NETWORK,

                        Defendants.
----------------------------------------------------------X
**HURLEY, Senior District Judge:**

       On August 28, 2012, Kristin Marinucci Vitucci ("Vitucci"), individually and as parent and natural guardian of "V.",[1] an infant under the age of 14 years, and V., an infant under the age of 14 years, by her mother and natural guardian, Vitucci (collectively, "plaintiffs"), commenced this action against Winthrop University Hospital, Winthrop-University Hospital, Winthrop-University Hospital Association, Winthrop University Hospital Children's Medical Center, Winthrop-University Hospital Services Corp., Winthrop South Nassau University Health System, Inc., New York-Presbyterian Healthcare System, Inc., and Long Island Health Network (collectively, "defendants"), alleging violations of the American with Disabilities Act, Section

---

[1] The Court will refer to the minor plaintiff in this case as "V."

504 of the Rehabilitation Act of 1973, the New York State Human Rights Law, and 10 NYCRR § 405.7(a)(7). Plaintiffs alleged that defendants discriminated against them on the bases of Vitucci's deafness and associated speech limitation.

While this action was pending, and after defendants had appeared by their attorneys, and document requests and interrogatories had been served and answered by both parties, the parties participated in a full day mediation session on August 8, 2013, during which session the parties reached a settlement. It was agreed that defendants would pay plaintiffs the sum of $50,000, in full satisfaction of plaintiffs' claims, with Vitucci receiving 75% of the gross proceeds of the settlement, and V. receiving 25% of the gross proceeds.[2] However, because V. is an infant, plaintiffs applied to the Court for an infant compromise order.

On August 18, 2014, Magistrate Judge Gary R. Brown issued a Report and Recommendation, which recommended that plaintiffs' motion for approval of the proposed infant compromise be granted. More than fourteen days have elapsed since service of the Report and Recommendation, and no party has filed an objection. Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the August 18, 2014 Report and Recommendation for clear error, and, finding none, adopts the August 18, 2014 Report and Recommendation as the opinion of the Court. Accordingly, Plaintiffs' motion for approval of the proposed infant compromise is granted.[3]

**SO ORDERED.**

Dated: Central Islip, New York
September 17, 2014

/s/
Denis R. Hurley
Unites States Senior District Judge

---

[2] Plaintiffs and their attorney decided upon this distribution because Vitucci was the individual with the disability who was primarily entitled to the accommodation for her disability. In addition, plaintiffs agreed that their shares of the settlement would be subject to their applicable attorneys' fees, which consist of 33 1/3% of the net sum recovered, but that the costs and disbursements would be taken only from Vitucci's share of the settlement.

[3] Several corrections were made to errors in the amended proposed compromise order as evidenced thereon.